

**THIRD PARTY GUARANTY FOR PAYMENT OF ATTORNEY FEES**

This third party guaranty agreement ("Agreement") is entered into between LifeBack Law Firm, P.A. ("Attorney") and Guarantor _Ebol Gwion_ ("Guarantor") for the purpose of providing security for the payment of Attorney's fees and costs ("attorney's fees") incurred by Client _William Benson_ ("Client") in connection with Client's Chapter 7 bankruptcy.

In consideration of Attorney's agreement to provide legal services to Client, Guarantor hereby unconditionally guarantees that Guarantor will promptly pay any/all installments or other payments due to Attorney from Client upon receipt of a Statement from Attorney up to the sum of **$2,000. Guarantor agrees to pay the sum of $2,000 in monthly installments of $200 starting thirty (30) days from the date this agreement is executed.** This obligation to pay Client's attorney's fees will exist notwithstanding Client's impending discharge in bankruptcy or any other circumstance which would relieve Client of the obligation to pay Attorney except by an Order of the Bankruptcy Court pursuant to 11 U.S.C. §328.

Attorney and Guarantor agree that this Agreement does not extend to payment of any other fees incurred by Client, whether in connection with Client's Chapter 7 bankruptcy case or otherwise and is limited to the sum of **$2,000**, unless specifically agreed to in writing signed by Attorney and Guarantor. Specifically, payment for those legal services not included in the description of services to be provided to Client unless separate fee arrangements are made as set forth in the non-standard services of the Retainer Agreement, is not guaranteed by Guarantor.

In the event Guarantor does not pay any payment due pursuant to this Agreement, Guarantor shall pay all costs of collection incurred by Attorney, including but not limited to reasonable attorney's fees and costs necessarily incurred by Attorney in enforcing this Agreement. This Agreement shall be construed and enforced under the laws of the state of Minnesota.

CHOICE OF FORUM: All actions or proceedings with respect to this Agreement shall be instituted only in any state or federal court sitting in Minnesota, and by execution and delivery of this Agreement, the parties irrevocably and unconditionally subject to the jurisdiction (both subject matter and personal) of each such court and irrevocably and unconditionally waive: (a) any objection that the parties might now or hereafter have to the venue of any of such court; and (b) any claim that any action or proceeding brought in any such court has been brought in an inconvenient forum.

Guarantor understands that Client is filing bankruptcy and that Guarantor will be included as an unsecured creditor whose debt from Client to Guarantor will be discharged when Client receives a discharge in the Chapter 7 bankruptcy case. Guarantor understands that the "discharge" of Client's debts, whether those debts are owed to Attorney or Guarantor, means that Client can no longer legally be required to pay any discharged debts. Guarantor understands that Client's discharge will in no way affect Guarantor's debt to Attorney created by this Agreement. Guarantor understands that guarantor will not be paid back by the Client. Also, to the extent the guarantor makes payment under this agreement, it is a gift to the Client. Guarantor understands that Guarantor is hereby unconditionally making him/herself responsible for payment of Client's attorney's fees and costs. Guarantor understands that a copy of his Agreement is being filed with the Client's bankruptcy case and that it will be part of the public record of the case.

Guarantor understands that this Agreement does not in any way create an attorney/client relationship between Attorney and Guarantor. The sole purpose of this Agreement is to provide security for the payment of the attorney's fees incurred

by Client. Guarantor understands that he/she is not entitled to receive any legal advice or confidential information from Attorney whether about Client's bankruptcy case or otherwise.

Guarantor consents to the disclosure of the existence and terms of this Agreement as required by the Bankruptcy Code, Federal Rules of Bankruptcy Procedure, and reasonable requests of the Client's Chapter 7 Trustee and orders of the Bankruptcy Court.

If any provision (or any part of any provision) contained in this Agreement shall for any reason be held to be invalid, illegal or unenforceable in any respect, such invalidity, illegality or un-enforceability shall not affect the validity or enforceability of any other provision (or remaining part of the affected provision) of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision (or part thereof) had never been contained herein but only to the extent it is invalid, illegal or unenforceable.

This Agreement represents the entire and complete understanding of the parties. No modification of this Agreement is valid unless agreed to in a writing signed by all parties hereto.

### Client Information
*(for office use only)*

Name of client: William Benson
Client ID#: 95949112
Address: 11559 79th St NE
Otsego  MN  55301
City  State  Zip



### Co-signor/Guarantor Information

Signature: [signed]
Date: 12/19/2022

***WE WILL CONTACT YOU TO VERIFY YOUR INFORMATION***

For office use only:
___ Past/present client? (Y/N)
(If yes, please check with billing dept.)
___ Signed for another client? (Y/N)
(If yes, please check with billing dept.)
___ Between 18-65? (Y/N)